Dessie WARREN and Sylvia KYLE *v.* ST. LOUIS-SAN FRANCISCO RAILWAY COMPANY

82-79                                                    634 S.W.2d 133

Supreme Court of Arkansas
Opinion delivered June 7, 1982

*Zolper & Everett,* by: *Michael Everett,* for appellants.

*Barrett, Wheatley, Smith & Deacon,* by: *Jack Deacon,* for appellee.

JOHN I. PURTLE, Justice. At the close of the plaintiffs' testimony in a personal injury suit the trial court directed a verdict in favor of the appellee (defendant). The only argument presented on appeal is that the court erred in granting the motion for a directed verdict at the close of the plaintiffs' case. We disagree with the appellants' contention and affirm the judgment of the trial court.

Plaintiffs, Dessie Warren and Sylvia Kyle, sisters and residents of Poinsett County, were injured about 10:00 p.m. on May 5, 1980, when an automobile driven by Sylvia Kyle collided with the wheels of a flat car sitting on a railroad track which crossed Judd Smith Road in Crittenden County, Arkansas. The automobile was damaged and the passenger, Dessie Warren, was seriously injured.

Mrs. Kyle stated she was familiar with the road and knew the railroad crossing was there. She admitted seeing what looked like a board across the road. She told her sister that she had never seen that before and her sister replied that it might be a detour sign. In any event, they did not attempt to stop until they were within 100 feet of the flat car at which time Mrs. Kyle hit her brakes and the automobile "slid casually into the wheel." There was a crossing signal sign on the other side of the railroad tracks which both appellants had seen before. The driver testified her headlights were working properly, she had good brakes and her vision was good. There was no oncoming traffic meeting her nor any traffic signals beyond the track to indicate that vehicular travel was controlled. The appellant driver said she was driving very slowly and indicated that her speed was in the neighborhood of 30 miles per hour. The windows of the automobile were up and it was a clear night. Mrs. Kyle was looking for the railroad track because she was familiar with the area and knew it was nearby. She admitted knowing a crossbuck sign was located at the crossing. Dessie Warren, the passenger, testified essentially the same as her sister had testified. One of her statements regarding Mrs. Kyle's actions was, "She was driving slow, because we were trying to figure out what we were going to hit."

Although not impossible, the cases have been few and

far between in allowing a recovery by someone running into a stopped train. A case relied on heavily by the appellants is *Missouri Pacific Railroad Co.* v. *Purdy,* 263 Ark. 654, 567 S.W.2d 92 (1978). The *Purdy* case is cited by the appellants for the proposition that it is not a settled rule of law that a plaintiff can never recover when running into a parked train. This is still the law; however, the facts of the present case do not constitute the situation described in *Purdy.*

The other case relied upon by the appellants is *Hawkins* v. *Missouri Pacific Railroad Co.,* 217 Ark. 42, 228 S.W.2d 642 (1950). In *Hawkins* the trial court directed a verdict for the defendant just as occurred in the present case. However, we reversed on the theory that there was sufficient evidence to permit a jury to find negligence in the defendant and a lesser degree of negligence in the plaintiff who drove his automobile into the side of a standing freight train at a railroad crossing during the night. In *Hawkins* the accident occurred about 2:00 a.m., November 11, 1948, in Paragrould, Arkansas. The facts reveal that the crossing was a 90 degree one such as exists in the present case and it was a nighttime accident. Both Hawkins and his driver stated they were facing an oncoming car which had its lights on bright and blinded them somewhat. Also, they saw an operating traffic light in the middle of the street ahead of them on the other side of the tracks. They said they thought they had an unobstructed view down the highway, that there were no active signals at the crossing and that there was no brakeman or anyone to warn them that the boxcar was across the tracks. The boxcar had the doors on both sides open. Also, the track was elevated some two to three feet thereby causing meeting traffic to be somewhat hindered by the lights of an approaching vehicle. The *Hawkins* decision stated:

> In the instant case we believe there was evidence from which the jurors might reasonably have found that the defendant through its employees failed to exercise the care which an ordinary prudent man would have exercised under the same or similar circumstances. The time of night, the lights visible across the track, the open space in the line of an autoist's vision above the raised tracks and beneath the bottoms of the stopped

freight cars, the wide open doors of the boxcar through which lights across the track shone while the boxcar stood motionless and silent, the absence of active crossing signals of any kind, the absence of guard or watchman, the fact that this was on a principal street in the business section of a goodsized city, and the fact that the train was then moved a distance down the track with neither sign nor signal given — all this was included in the evidence and if believed by the jury would indicate that defendant created, unintentionally but perhaps carelessly, something like a trap for unwary night drivers . . .

We do not see *Hawkins* v. *Missouri Pacific Railroad Co.*, supra, as being comparable with the present case to the extent that the appellants should be allowed a recovery. The two ladies both saw the flat car on the track and wondered what it was doing there. One of them thought it was probably a board and the other one said she just wondered what it was they were going to run into. Therefore, both of them admitted failure to use proper care and that they were negligent to the extent of being responsible for this accident. The court made the judgment that the plaintiffs' evidence would not support a judgment against the defendant. A review of the evidence presented shows that the court's ruling was correct and was not an abuse of discretion. Therefore, we agree with the trial court and affirm this judgment.

Affirmed.